ON APPELLEE’S MOTION FOR REHEARING
 

 PER CURIAM.
 

 We deny the state’s motion for rehearing or rehearing en banc. However, we withdraw our May 26, 2010 opinion and substitute the following opinion.
 

 The defendant pled no contest to felony battery and battery. The circuit court sentenced him to eighteen months on probation as a habitual felony offender. After the defendant violated his probation, the court sentenced the defendant to 120
 
 *1077
 
 months in prison as a habitual felony offender.
 

 The defendant later filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(a)(5), alleging that his plea was involuntary for two reasons. First, the defendant alleged that his counsel coerced him into taking the plea. Second, the defendant alleged that the trial court’s plea colloquy was inadequate to ensure that he understood “the maximum possible penalty ... provided by law” as required by Florida Rule of Criminal Procedure 8.172(c)(1). Specifically, the defendant alleged that the court never advised him of the statutory maximum penalty for the charges, including that, upon a violation of probation, the court could sentence him to ten years in prison as a habitual felony offender. The defendant also alleged that the court compounded the plea colloquy’s inadequacy by advising the defendant: “If you violate your probation, you could go to prison. Do you understand that the guidelines is 50.7 months Florida State Prison?” According to the defendant, if he had known that a violation of probation could allow the court to sentence him up to ten years in prison, he would not have accepted the plea, but would have chosen to go forward with a jury trial. The defendant sought to withdraw his plea or be re-sentenced pursuant to the sentencing guidelines.
 

 The court denied the motion, and the defendant appealed. In our May 26, 2010 opinion, we affirmed in part and reversed in part. Though not reflected in that opinion, our affirmance was directed to that part of the defendant’s motion which alleged that his counsel coerced him into taking the plea. Our reversal was directed to that part of the defendant’s motion which alleged that the court never advised him that, upon a violation of probation, the court could sentence him to ten years in prison as a habitual felony offender. We reasoned that the record, which included the transcript of the plea hearing, did not refute the defendant’s allegations.
 

 After we issued our May 26, 2010 opinion, the state moved for rehearing or rehearing en banc. In the motion, the state argues that we overlooked our recent decision in
 
 Gusow v. State,
 
 6 So.3d 699 (Fla. 4th DCA 2009). We deny the state’s motion and write to distinguish
 
 Gusow.
 

 In
 
 Gusow,
 
 the defendant pled guilty and was sentenced to probation. Six years later, the defendant violated probation. The circuit court sentenced the defendant to seventeen years in prison. The defendant moved to vacate his plea, arguing that
 
 his counsel
 
 misadvised him that he would face a maximum of only five years in prison for a violation of probation. The defendant “[did] not claim that his plea was involuntary because
 
 the [circuit] court
 
 failed to tell him any of the things required by rule 3.172(c).”
 
 Id.
 
 at 700 n. 1 (emphasis added). The circuit court denied the motion. We affirmed, reasoning that “the
 
 attorney misadvice
 
 concerned a matter collateral to the plea, i.e., a consequence that did not flow directly from the plea, so the purported error did not amount to constitutionally deficient assistance of counsel.”
 
 Id.
 
 at 700 (emphasis added). Significantly, we added that the defendant’s claim was
 
 “not
 
 that the [circuit] court failed to advise him of the potential penalties under rule 3.172(c)(1).”
 
 Id.
 
 at 701.
 

 Gusow
 
 is distinguishable because here, the defendant has claimed that the circuit court failed to advise him of the potential penalties under rule 3.172(c)(1). As we stated in our May 26, 2010 opinion, the record does not refute the defendant’s allegations. Consequently, we remand for an evidentiary hearing as to whether the trial court’s failure to advise the defendant of
 
 *1078
 
 the potential penalties under rule 3.172(c)(1) caused prejudice to the defendant.
 
 [1]
 

 Affirmed in part, reversed in part, and remanded.
 

 GROSS, C.J., GERBER and LEVINE, JJ., concur.
 

 [1]
 

 . In granting this relief, we correct our May 26, 2010 opinion, which inadvertently remanded for
 
 either
 
 an evidentiary hearing
 
 or
 
 the attachment of records which conclusively show that the defendant was entitled to no relief.